UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZOETIS SERVICES LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 22-00056 |

## COMPLAINT

Zoetis Services LLC ("Plaintiff"), by and through its attorneys, Faegre Drinker Biddle & Reath LLP, for its complaint against the United States alleges as follows:

### JURISDICTION

1. This is an action contesting U.S. Customs and Border Protection's ("CBP") decision under Section 1515 of the Tariff Act of 1930 (19 U.S.C. § 1515) denying Plaintiff's protest of the tariff classification and rate of duty assessed on certain Chlortetracycline Concentrate Feed Grade Powder ("CTC Concentrate") under the *Harmonized Tariff Schedule of the United States* ("HTSUS").

2. Plaintiff is the importer of record for the entry that is the subject of this action and has standing to bring this action.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1581(a).

4. The entry that is the subject of this litigation has liquidated and an administrative protest was timely filed and subsequently denied by CBP on December 9, 2021.

5. This civil action was timely commenced through the filing of a summons within 180 days of the protest denial.

1

6. Plaintiff has paid all liquidated import duties and fees on the entry at issue prior to commencing this action.

## BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

7. The imported material that is the subject of this action is CTC Concentrate, a material containing the broad-spectrum antibiotic, Chlortetracycline (CAS No. 57-62-5).

8. In its imported condition, the CTC Concentrate consists of the antibiotic incorporated with other materials, *i.e.*, a mycelial cake and inorganic salts.

9. A mycelial cake serves as a delivery mechanism for the Chlortetracycline antibiotic.

10. The CTC Concentrate is imported in bags weighing 750 kilogram ("kg") per bag.

11. The CTC Concentrate has an antibiotic potency between 23.8% and 24.7%.

12. The Chlortetracycline in the CTC Concentrate is a result of a fermentation process where complexing agents compound with the Chlortetracycline at stable pH ranges to facilitate the post-importation processing and veterinarian directed delivery to livestock.

13. The imported CTC Concentrate is used to manufacture finished products that are intended to treat and control a wide range of respiratory and enteric diseases in livestock, including bacterial pneumonia, bacterial enteritis, anaplasmosis, and other diseases.

14. The imported CTC Concentrate is subject to U.S. Food and Drug Administration ("FDA") requirements and is a recognized antibiotic. *See* Veterinary Medicine *Guidance for Industry ("GFI") #213,* which became effective in January 2017.

15. FDA restricts the use of CTC Concentrate in animal feed to "uses that are associated with the treatment, control, and prevention of specific diseases to be therapeutic uses that are necessary for assuring the health of food-producing animals." *Id.*

16. FDA requires "veterinary oversight in the use of antimicrobial new animal drugs," such as CTC Concentrate, "to assure their appropriate and judicious use." *Id.*

17. In its imported condition, the CTC Concentrate cannot be safely administered to livestock.

18. The imported CTC Concentrate must undergo post-importation processing to ensure it can be safely administered to animals under veterinary oversight.

19. Such post-importation processing includes combining the CTC Concentrate with calcium sulfate and other excipients via a granulation process that utilizes roll compaction to create a standardized and consistent potency of the Chlortetracycline antibiotic for ultimate delivery to livestock.

20. After the post-importation processes, Zoetis markets and sells the finished products made with CTC Concentrate, and, sometimes, other antibiotics such as Sulfamethazine, as Aureomycin® with New Animal Drug Application ("NADA") Number 48-761, Aureomycin® S40/40 (NADA 35-688), AUREO S 700® (NADA 35-805), and ChlorMax® (NADA 46-699).

21. These finished products are recognized by the FDA as Type-A Medicated Feed Articles and are sold by Zoetis to FDA-licensed Feed Mills where they are formulated into Type-C Medicated Feeds for multiple livestock animal species.

22. The FDA considers Type-A Medicated Feed Articles to be a "drug." FDA, *Past and Present of Medicated Feeds, available* at https://www.fda.gov/media/90158/download (Oct. 2014) (last visited Aug. 28, 2021).

23. Type-C Medicated Feeds are manufactured at FDA-licensed Feed Mills and are only sold under the control of veterinarians.

24.     The subject CTC Concentrate was imported under HTSUS tariff item 2309.90.1050, the tariff classification for "*Preparations of a kind used for animal feeding: Other: Mixed feed or mixed ingredients: Other.*"

25.     CBP liquidated the entry of the subject CTC Concentrate under HTSUS tariff item 2309.90.1050 at a duty rate of free, but with the assessment of Section 301 retaliatory duties of 25% under secondary HTSUS 9903.88.03.

26.     HTSUS tariff item 2309.90.1050 has carried a duty rate of free at all times relevant to this action, but is subject to Section 301 retaliatory duties of 25% when the goods are imported from China.

27.     Zoetis filed a protest asserting the proper tariff classification of the imported CTC Concentrate is under HTSUS tariff item 3003.20.0000 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

28.     HTSUS tariff item 3003.20.0000 has carried a duty rate of free at all times relevant to this action.

29.     Goods classified under HTSUS tariff item 3003.20.0000 are not subject to Section 301 retaliatory duties when imported from China.

## COUNT I

### Classification of the CTC Concentrate Pursuant to GRI 1

30.     The allegations of Paragraphs 1 through 29 are incorporated in this Paragraph by reference as if fully set forth herein.

31. HTSUS General Rule of Interpretation ("GRI") 1 states, in relevant part, "classification shall be determined according to the terms of the headings and any relative section or chapter notes…"

32. HTSUS heading 3003 provides for "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale.*"

33. The tariff terms "medicament," "therapeutic," and "prophylactic" are not defined in the HTSUS.

34. This Court has not defined the tariff term "medicament."

35. CBP has defined the tariff term "medicament" in CBP Headquarters Ruling Letter ("HRL") H121544 (Oct. 6, 2014) as follows:

- a "medication", which is "as medicine; substance for curing or healing, or for relieving pain"; and

- "a substance used in therapy."

HRL H121544 *available at* https://rulings.cbp.gov/search?term=H121544&collection=ALL&sortBy=RELEVANCE&pageSize=30&page=1 (last visited Aug. 28, 2021) (citing Webster's New World College Dictionary 894 (fourth ed. 2007) and Merriam-Webster, *Medicament, available at* http://www.merriam-webster.com/dictionary/medicament).

36. This Court defined the tariff terms "therapeutic" and "prophylactic" in *Warner-Lambert Co. v. United States,* 28 C.I.T. 939, 946 (2004) *aff'd* 425 F.3d 1381 (Fed. Cir. 2005) (interpreting HTSUS heading 3004 as a "use" provision that provides for "[m]edicaments … for therapeutic or prophylactic uses, put up in measured doses…").

5

37. In *Warner-Lambert*, this Court defined the tariff term "therapeutic" as follows:

- "[r]elating to therapeutics or to the treatment of disease" *Id.* at 946 (citing Stedman's Medical Dictionary, page 1587 (25th ed. 1990)) (internal citations omitted); and

- "of or relating to the treatment of disease or disorders by remedial agents or methods: CURATIVE, MEDICINAL" *Id.* (citing Webster's Third New International Dictionary Unabridged, page 2372 (1981)) (internal citations omitted).

38. In *Warner-Lambert*, this Court defined the tariff term "prophylactic" as follows:

- "1. Preventive; preventing disease; relating to prophylaxis. 2. An agent that acts to prevent a disease." *Id.* at 946 (citing Stedman's Medical Dictionary, page 1286 (25th ed. 1990)) (internal citations omitted); and

- "guarding from disease: preventing or contributing to the prevention of disease" *Id.* (citing Webster's Third New International Dictionary Unabridged, page 1818 (1981)) (internal citations omitted).

39. The *Harmonized Commodity Description and Coding System Explanatory Notes* ("Explanatory Notes" or "ENs") represent the World Customs Organization's official interpretation of the *Harmonized System* ("HS"), upon which the HTSUS is based and may be useful in classifying a product under the HTSUS.

40. The Explanatory Notes for heading 3003 provide guidance on the "medicaments" covered by this heading and state, in relevant part:

> ***This heading covers medicinal preparations for use in the internal or external treatment or prevention of human or animal ailments.*** **These preparations are obtained by mixing together two or more substances.**
> \* \* \*

6

> The heading includes … [p]reparations containing a single pharmaceutical substance together with an excipient, sweetening agent, agglomerating agent, support, etc.
>
> \* \* \*
>
> ***[T]he heading covers preparations in which the foodstuff or the beverage merely serves as a support, vehicle or sweetening agent for the medicinal substances (e.g., in order to facilitate ingestion)***. [Emphasis added.]

41. The subject CTC Concentrate is used to treat and control a wide range of respiratory and enteric diseases in livestock, including bacterial pneumonia, bacterial enteritis, anaplasmosis, and other diseases.

42. Because the CTC Concentrate is a substance used in the curing, healing, or therapy of animal diseases, it meets the definition of a "medicament."

43. The subject CTC Concentrate consists of a medicinal substance (Chlortetracycline, an antibiotic) mixed with another substance for support (the carrier media or mycelial cake).

44. Because the CTC Concentrate consists of Chlortetracycline that has been mixed with the carrier medium, it consists of "two more or more constituents which have been mixed together."

45. Because the CTC Concentrate is a substance that both treats and prevents animal diseases, it is for "therapeutic" and "prophylactic" uses.

46. The CTC Concentrate is imported in bulk bags and, therefore, is not put up in measured doses or in forms or packings for retail sale.

47. Plaintiff asserts that, pursuant to GRI 1, the subject CTC Concentrate is properly classified in HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

48.     HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT II

## Classification of the CTC Concentrate Pursuant to GRI 3(a)

### (in the alternative)

49.     The allegations of Paragraphs 1 through 48 are incorporated in this Paragraph by reference as if fully set forth herein.

50.     If the tariff classification of the CTC Concentrate is not determined according to GRI 1 of the HTSUS, then the tariff classification of such articles is determined according to GRI 3.

51.     GRI 3 provides, in three parts, the tariff classification rules for goods that are *prima facie* classifiable under two or more headings of the HTSUS.

52.     GRI 3(a) provides, in pertinent part, that "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description."

53.     The proposition set out in GRI 3(a) is known as the "rule of relative specificity" because the heading with requirements more difficult to satisfy will prevail and be applied over a more general heading.

54.     Classification of the CTC Concentrate may be considered under HTSUS heading 2309 (preparations of a kind used in animal feeding) or heading 3003 (medicaments consisting of two or more constituents which have been mixed together or prophylactic uses).

55.     While HTSUS heading 2309 covers preparations used for animal feeding, it does not address the full purpose of the subject CTC Concentrate as this product must undergo post-importation processing to be used for animal feeding.

56. HTSUS heading 3003 covers the CTC Concentrate in its entirety because it is a medicament consisting of two or more constituents mixed together for prophylactic uses and describes the CTC Concentrate in its condition as imported.

57. Taking into consideration the language of the applicable HTSUS headings, the CTC Concentrate is properly classified under HTSUS heading 3003 as it provides the most specific description of these articles according to the rule of relative specificity, GRI 3(a).

58. Plaintiff asserts that, pursuant to GRI 3(a), the CTC Concentrate is properly classified in HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

59. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT III

### Classification of the CTC Concentrate Pursuant to GRI 3(b)

### (in the alternative)

60. The allegations of Paragraphs 1 through 48 are incorporated in this Paragraph by reference as if fully set forth herein.

61. If the tariff classification of the CTC Concentrate is not determined according to GRI 1 or GRI 3(a), then the tariff classification of such articles is determined according to GRI 3(b).

62. GRI 3(b) provides, in pertinent part, that "[m]ixtures, composite goods consisting of different materials or made up of different components, and goods put up in sets for retail sale,

which cannot be classified by reference to 3(a), shall be classified as if they consisted of the material or component which gives them their essential character . . ."

63. Essential character may be based on the nature of a material or component, its bulk, quantity, weight, or value, or by the role of a constituent material in relation to the use of the good. ENs VIII to GRI 3(b).

64. The CTC Concentrate is a medicament for prophylactic uses that is used in the manufacture of Type-A Medicated Feed Articles, which in turn, are used in the manufacture of Type-C Medicated Feeds.

65. Classification of the CTC Concentrate may be considered under HTSUS heading 2309 (preparations of a kind used in animal feeding) or heading 3003 (medicaments consisting of two or more constituents which have been mixed together or prophylactic uses).

66. The primary function of the CTC Concentrate is as a medicament to prevent or control certain illnesses or diseases in livestock

67. The most critical component of the CTC Concentrate is its CTC (CAS No. 57-62-5), which, on its own is a medicament.

68. The CTC Concentrate would not be useful as a preparation for use in the manufacture of Type-A Medicated Feed Articles or, subsequently Type-C Medicated Feeds if it did not contain the medicament, CTC.

69. The CTC is essential to the function of the CTC Concentrate as a medicament, while its potential use in the manufacture of animal feed products is optional.

70. The majority of the weight and value of the CTC Concentrate is provided by the CTC.

71. Based on the nature of the CTC and its value in relation to the function of the CTC Concentrate, CTC, as a medicament, provides the essential character to the CTC Concentrate.

72. Plaintiff asserts that, pursuant to GRI 3(b), the CTC Concentrate is properly classified in HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

73. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT IV

### Classification of the CTC Concentrate Pursuant to GRI 3(c)

### (in the alternative)

74. The allegations of Paragraphs 1 through 29 are incorporated in this Paragraph by reference as if fully set forth herein.

75. If the tariff classification of the CTC Concentrate is not determined according to GRI 1, GRI 3(a), or GRI 3(b) of the HTSUS, then the tariff classification of such articles is determined according to GRI 3(c).

76. GRI 3(c) provides, in pertinent part, that "[w]hen goods cannot be classified by reference to 3(a) or 3(b), they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration."

77. CBP liquidated the entry of the subject CTC Concentrate under HTSUS subheading 2309.90.10.

78. Plaintiff asserts that the CTC Concentrate is properly classified in HTSUS subheading 3003.20.00.

79. Assuming HTSUS headings 2309 and 3003 merit equal consideration, HTSUS heading 3003 is last in numerical order as compared to HTSUS heading 2309.

80. Thus, pursuant to GRI 3(c), Plaintiff asserts that the CTC Concentrate is properly classified under HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

81. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor as follows:

a) determining that CBP improperly classified the subject CTC Concentrate at issue in this action;

b) determining that the subject CTC Concentrate at issue in this action is properly classified under HTSUS subheading 3003.20.00 as set forth by Plaintiff in Counts I through IV above;

c) ordering CBP to reliquidate the subject entry and refund the excess duties paid by Plaintiff, together with interest as provided by law; and

d) granting such other additional relief as this Court deems just and appropriate.

                Respectfully submitted,

                **FAEGRE DRINKER BIDDLE & REATH LLP**
                Attorneys for Plaintiff
                Zoetis Services LLC
                191 N. Wacker Dr. Suite 3700
                Chicago, IL 60606
                Telephone: (312) 569-1157

Dated: February 24, 2022        By:   */s/ William Randolph Rucker*
                                           Wm. Randolph Rucker