UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, SENIOR JUDGE

| | |
|---|---|
| ZOETIS SERVICES LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant. | Court No. 22-00056 |

**AMENDED COMPLAINT**

Zoetis Services LLC ("Plaintiff"), by and through its attorneys, Faegre Drinker Biddle & Reath LLP, for its amended complaint against the United States alleges as follows:

**JURISDICTION**

1. This is an action contesting U.S. Customs and Border Protection's ("CBP") decision under Section 1515 of the Tariff Act of 1930 (19 U.S.C. § 1515) denying Plaintiff's protest of the tariff classification and rate of duty assessed on certain Chlortetracycline Concentrate Feed Grade Powder ("CTC Concentrate") under the *Harmonized Tariff Schedule of the United States* ("HTSUS").

2. Plaintiff is the importer of record for the entry that is the subject of this action and has standing to bring this action.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1581(a).

4. The entry that is the subject of this litigation has liquidated and an administrative protest was timely filed and subsequently denied by CBP on December 9, 2021.

5. This civil action was timely commenced through the filing of a summons within 180 days of the protest denial.

6. Plaintiff has paid all liquidated import duties and fees on the entry at issue prior to commencing this action.

**BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED**

7. The imported material that is the subject of this action is CTC Concentrate, a material containing the broad-spectrum antibiotic, Chlortetracycline (CAS No. 57-62-5).

8. The CTC Concentrate at issue in this action was manufactured by Jinhe Biotechnology Co., Ltd.

9. In its imported condition, the CTC Concentrate consists of Chlortetracycline (the only active ingredient), mycelial cake, microbial cells, residual nutrients, other fermentation components, and metabolic products.

10. A mycelial cake serves as the primary carrier medium for the Chlortetracycline antibiotic.

11. The CTC Concentrate is a fine brown powder or granular substance.

12. The CTC Concentrate is imported in bags weighing 750 kilograms ("kg") per bag.

13. The CTC Concentrate imported under the entry at issue in this litigation had an antibiotic potency between 23.8% and 24.7%.

14. The Chlortetracycline in the CTC Concentrate is a result of a fermentation process where certain complexing agents (*i.e.*, calcium carbonate in the form of hydrated lime) compound with the Chlortetracycline at stable pH ranges to facilitate the post-importation processing and veterinarian directed delivery to livestock.

15. The imported CTC Concentrate is used to manufacture finished products that are intended to treat and control a wide range of respiratory and enteric diseases in livestock, including bacterial pneumonia, bacterial enteritis, anaplasmosis, and other diseases.

16. The imported CTC Concentrate is subject to U.S. Food and Drug Administration ("FDA") requirements and is a recognized antibiotic. *See* Center for Veterinary Medicine *Guidance for Industry ("GFI") #213,* which became effective in January 2017.

17. FDA restricts the use of CTC Concentrate in animal feed to "uses that are associated with the treatment, control, and prevention of specific diseases to be therapeutic uses that are necessary for assuring the health of food-producing animals." *Id.*

18. FDA requires "veterinary oversight in the use of antimicrobial new animal drugs," such as CTC Concentrate, "to assure their appropriate and judicious use." *Id.*

19. In its imported condition, the CTC Concentrate cannot be safely administered to livestock.

20. The imported CTC Concentrate must undergo post-importation processing to ensure it can be safely administered to animals under veterinary oversight.

21. Such post-importation processing includes combining the CTC Concentrate with calcium sulfate and other excipients (carriers) via a granulation process that utilizes roll compaction and/or a mixing process to create a standardized and consistent potency of the Chlortetracycline antibiotic for ultimate delivery to livestock.

22. After the post-importation processes, Zoetis markets and sells the finished products made with CTC Concentrate, and, sometimes, other antibiotics such as Sulfamethazine, as Aureomycin® (NADA 48-761), Aureomix® S40/40 (NADA 35-688), AUREO S 700® (NADA 35-805), and ChlorMax® (NADA 46-699).

23. These finished products are recognized by the FDA as Type-A Medicated Articles[1] and are sold by Zoetis to Feed Mills (directly or through distributors) where they are formulated into Type-C Medicated Feeds for multiple livestock animal species.

24. The FDA considers Type-A Medicated Articles to be a "drug." FDA, *Past and Present of Medicated Feeds, available* at https://www.fda.gov/media/90158/download (Oct. 2014) (last visited Sept. 22, 2023).

25. Type-C Medicated Feeds containing CTC Concentrate contained in Type A medicated articles are manufactured at feed mills and are only used under the oversight of veterinarians.

26. The subject CTC Concentrate was imported under HTSUS tariff item 2309.90.1050, the tariff classification for "*Preparations of a kind used for animal feeding: Other: Mixed feed or mixed ingredients: Other.*"

27. CBP liquidated the entry of the subject CTC Concentrate under HTSUS tariff item 2309.90.1050 at a duty rate of free, but with the assessment of Section 301 retaliatory duties of 25% under secondary HTSUS 9903.88.03.

28. HTSUS tariff item 2309.90.1050 has carried a duty rate of free at all times relevant to this action, but is subject to Section 301 retaliatory duties of 25% when the goods are imported from China.

29. Zoetis filed a protest asserting the proper tariff classification of the imported CTC Concentrate is under HTSUS tariff item 3003.20.0000 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed*

---

[1] Plaintiff notes that, within its protest of the entry at issue in this litigation, it inadvertently (and incorrectly) referred to Type-A Medicated Articles as "Type-A Medicated Feeds."

*together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: … Other, containing antibiotics.*"

30. HTSUS tariff item 3003.20.0000 has carried a duty rate of free at all times relevant to this action.

31. Goods classified under HTSUS tariff item 3003.20.0000 are not subject to Section 301 retaliatory duties when imported from China.

## COUNT I

### Classification of the CTC Concentrate Under HTSUS Subheading 2941.30.00

32. The allegations of Paragraphs 1 through 31 are incorporated in this Paragraph by reference as if fully set forth herein.

33. HTSUS General Rule of Interpretation ("GRI") 1 states, in relevant part, "classification shall be determined according to the terms of the headings and any relative section or chapter notes…"

34. HTSUS heading 2941 provides for "*Antibiotics*:".

35. The Explanatory Notes for heading 2941 provide guidance on the "[a]ntibiotics" covered by this heading and state, in relevant part:

> Antibiotics are substances secreted by living micro-organisms which have the effect of killing other micro-organisms or inhibiting their growth. They are used principally for their powerful inhibitory effect on pathogenic micro-organisms, particularly bacteria or fungi, or in some cases on neoplasms. They can be effective at a concentration of a few micrograms per ml in the blood.

36. In CBP Headquarters Ruling Letter ("HRL") H325604 (Aug. 31, 2023), CBP held that a Chlortetracycline Feed Grade Concentrate ("CTC-FG") product imported by Pharmgate, LLC ("Pharmgate") is properly classified under HTSUS subheading 2941.30.00. HRL H325604

5

*available at* https://rulings.cbp.gov/search?term=H325604&collection=ALL&sortBy=RELEVANCE&pageSize=30&page=1 (last visited Mar. 8, 2024).

37. CBP described the CTC-FG at issue in HRL H325604 as "a broad-spectrum substance that is used in the manufacture of veterinary drug products, namely Veterinary Feed Directive (VFD) Type A medicated articles such as Pharmgate's Pennchlor and Deracin products. It is described as a fine brown powder or granular substance with a characteristic smell. CTC-FG is composed of the active ingredient of Chlortetracycline at 22-24%." *Id.*

38. Like the CTC-FG product at issue in HRL H325604, the subject CTC-Concentrate is a broad-spectrum antibiotic substance that is used in the manufacture of Type A Medicated Articles. *See* Paragraphs 7, 20-24 above.

39. Like the CTC-FG product at issue in HRL H325604, the subject CTC-Concentrate is a fine brown powder. *See* Paragraph 11 above.

40. The range of the active ingredient Chlortetracycline in the subject CTC-Concentrate (23.8-24.7%) is nearly identical to the range of the active ingredient Chlortetracycline in the CTC-FG product at issue in HRL H325604 (22-24%). *See* Paragraphs 9, 13 above.

41. Pharmgate, the importer of the CTC-FG product at issue in HRL H325604, is the U.S. subsidiary of Jinhe Biotechnology Co., Ltd. ("Jinhe"). *See* https://pharmgate.com/global/pharmgate-announces-agreement-to-acquire-protatek-international-inc/ (stating that "Pharmgate LLC is the majority-owned US subsidiary of Jinhe Biotechnology Co., Ltd., P. R. China") (last visited Mar. 8, 2024).

42. Upon information and belief, Plaintiff alleges the CTC-FG product at issue in HRL H325604 was manufactured by Jinhe.

43. Jinhe was also the manufacturer of the subject CTC Concentrate that was imported by Plaintiff in this action. *See* Paragraph 8 above.

44. The CTC-FG at issue in HRL H325604 was approved by the FDA's Center for Veterinary Medicine under Veterinary Master File 005-468. HRL H325604.

45. The subject CTC Concentrate that was imported by Plaintiff in this action was also approved by the FDA's Center for Veterinary Medicine under VMF 005-468.

46. Upon information and belief, the subject CTC Concentrate is identical in all material respects to the CTC-FG articles described in HRL H325604.

47. CBP's conclusion in HRL H325604 was based, in part, on its finding that "[m]edicinal feed preparations of a kind designed to be used by veterinarians are excluded from heading 2309[.]" *Id.* ("In particular, [Explanatory Note] 23.09 states that 'the preparations of this group should not, however, be confused with certain preparations for veterinary uses. The latter are generally identifiable by the medicinal nature and much higher concentration of the active [antibiotic] substance[.]'").

48. Like the CTC-FG product at issue in HRL H325604, the subject CTC Concentrate is a medicinal feed preparation of a kind designed to be used by veterinarians that is excluded from heading 2309.

49. CBP's conclusion in HRL H325604 was also based, in part, on its finding that the CTC-FG product at issue in that ruling (1) "are not supplementary feeds or supplementary additives intended to achieve a suitable daily diet as contemplated by heading 2309"; (2) "are not used to make supplementary feeds or complete feeds" and, instead, are "used to produce medicated animal feeds"; and (3) "do not provide any substantial source of nutrients in the diet of the animal" and, instead, "are manufactured to treat animal diseases and infections." *Id.*

50. Like the CTC-FG product at issue in HRL H325604, the subject CTC Concentrate is not a supplementary feed or supplementary additive intended to achieve a suitable daily diet as contemplated by heading 2309.

51. Like the CTC-FG product at issue in HRL H325604, the subject CTC Concentrate is not used to make supplementary feeds or complete feeds and, instead, is used to produce medicated animal feeds.

52. Like the CTC-FG product at issue in HRL H325604, the subject CTC Concentrate does not provide any substantial source of nutrients in the diet of the animal and, instead, is manufactured to treat animal diseases and infections.

53. Like the CTC-FG product at issue in HRL H325604, the subject CTC Concentrate is used to treat and control a wide range of respiratory and enteric diseases in livestock, including anaplasmosis, bacterial enteritis, bacterial pneumonia.

54. HRL H325604 has been in effect for more than 60 days and has not been modified or revoked by CBP.

55. There are no other CBP ruling letters issued to Pharmgate, Plaintiff, or any other importer concerning the tariff classification of similar chlortetracycline concentrate products.

56. HRL H325604 represents CBP's official position on the tariff classification of the CTC-FG product and similar chlortetracycline concentrate products, including the CTC Concentrate at issue in this litigation.

57. Plaintiff asserts that, pursuant to GRI 1, and in accordance with the decision in HRL H325604, the subject CTC Concentrate is properly classified in HTSUS subheading 2941.30.00, which provides for as "*Antibiotics*: *Tetracyclines and their derivatives; salts thereof.*"

58. HTSUS subheading 2941.30.00 has carried a duty rate of free at all times relevant to this action.

## COUNT II

### Classification of the CTC Concentrate Under HTSUS Subheading 3003.20.00 Pursuant to GRI 1

### (in the alternative)

59. The allegations of Paragraphs 1 through 58 are incorporated in this Paragraph by reference as if fully set forth herein.

60. If the CTC Concentrate is not determined to be classified under HTSUS Subheading 2941.30.00, the CTC Concentrate is properly classified under HTSUS Subheading 3003.20.00 pursuant to GRI 1.

61. HTSUS heading 3003 provides for "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale.*"

62. The tariff terms "medicament," "therapeutic," and "prophylactic" are not defined in the HTSUS.

63. This Court has not defined the tariff term "medicament."

64. CBP has defined the tariff term "medicament" in CBP Headquarters Ruling Letter ("HRL") H121544 (Oct. 6, 2014) as follows:

- a "medication", which is "as medicine; substance for curing or healing, or for relieving pain"; and

- "a substance used in therapy."

9

HRL H121544 *available at* [https://rulings.cbp.gov/search?term=H121544&collection=ALL&sortBy=RELEVANCE&pageSize=30&page=1](https://rulings.cbp.gov/search?term=H121544&collection=ALL&sortBy=RELEVANCE&pageSize=30&page=1) (last visited Feb. 7, 2024) (citing Webster's New World College Dictionary 894 (fourth ed. 2007) and Merriam-Webster, *Medicament, available at* [http://www.merriam-webster.com/dictionary/medicament](http://www.merriam-webster.com/dictionary/medicament)) (last visited Feb. 7, 2024).

65. This Court defined the tariff terms "therapeutic" and "prophylactic" in *Warner-Lambert Co. v. United States,* 28 C.I.T. 939, 946 (2004) *aff'd* 425 F.3d 1381 (Fed. Cir. 2005) (interpreting HTSUS heading 3004 as a "use" provision that provides for "[m]edicaments … for therapeutic or prophylactic uses, put up in measured doses…").

66. In *Warner-Lambert*, this Court defined the tariff term "therapeutic" as follows:

- "[r]elating to therapeutics or to the treatment of disease" *Id.* at 946 (citing Stedman's Medical Dictionary, page 1587 (25th ed. 1990)) (internal citations omitted); and

- "of or relating to the treatment of disease or disorders by remedial agents or methods: CURATIVE, MEDICINAL" *Id.* (citing Webster's Third New International Dictionary Unabridged, page 2372 (1981)) (internal citations omitted).

67. In *Warner-Lambert*, this Court defined the tariff term "prophylactic" as follows:

- "1. Preventive; preventing disease; relating to prophylaxis. 2. An agent that acts to prevent a disease." *Id.* at 946 (citing Stedman's Medical Dictionary, page 1286 (25th ed. 1990)) (internal citations omitted); and

- "guarding from disease: preventing or contributing to the prevention of disease" *Id.* (citing Webster's Third New International Dictionary Unabridged, page 1818 (1981)) (internal citations omitted).

68. The *Harmonized Commodity Description and Coding System Explanatory Notes* ("Explanatory Notes" or "ENs") represent the World Customs Organization's official interpretation of the *Harmonized System* ("HS"), upon which the HTSUS is based and may be useful in classifying a product under the HTSUS.

69. The Explanatory Notes for heading 3003 provide guidance on the "medicaments" covered by this heading and state, in relevant part:

> ***This heading covers medicinal preparations for use in the internal or external treatment or prevention of human or animal ailments. These preparations are obtained by mixing together two or more substances.***
>
> \* \* \*
>
> The heading includes … [p]reparations containing a single pharmaceutical substance together with an excipient, sweetening agent, agglomerating agent, support, etc.
>
> \* \* \*
>
> ***[T]he heading covers preparations in which the foodstuff or the beverage merely serves as a support, vehicle or sweetening agent for the medicinal substances (e.g., in order to facilitate ingestion)***. [Emphasis added.]

See also Nutricia North America, Inc. v. United States, No. 16-00008 (Ct. Int'l Trade Dec. 4, 2023) ("A food or beverage intended to treat a specific disease or ailment is not within [the] scope [of Headings 3003 or 3004], unless it is based on a 'medicinal substance' that, as instructed by [Explanatory Note] 30.03 and [Explanatory Note] 30.04, is not 'added

solely to ensure a better dietetic balance, to increase the energy-giving or nutritional value of the product or to improve its flavour.'").[2]

70. The subject CTC Concentrate is used to treat and control a wide range of respiratory and enteric diseases in livestock, including bacterial pneumonia, bacterial enteritis, anaplasmosis, and other diseases.

71. Because the CTC Concentrate is a substance used in the curing, healing, or therapy of animal diseases, it meets the definition of a "medicament."

72. The subject CTC Concentrate consists of Chlortetracycline (the only active ingredient) mixed with mycelial cake, microbial cells, residual nutrients, other fermentation components, and metabolic products.

73. Because the CTC Concentrate consists of Chlortetracycline that has been mixed with multiple components (*i.e.*, mycelial cake, microbial cells, residual nutrients, other fermentation components, and metabolic products), it consists of "two more or more constituents which have been mixed together."

74. Because the CTC Concentrate is a substance that both treats and prevents animal diseases, it is for "therapeutic" and "prophylactic" uses.

75. The CTC Concentrate is imported in bulk bags and, therefore, is not put up in measured doses or in forms or packings for retail sale.

76. Plaintiff asserts that, pursuant to GRI 1, the subject CTC Concentrate is properly classified in HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for*

---

[2] Notice of appeal docketed on February 5, 2024 (*Nutricia North America, Inc. v. United States*, 2024-1436).

*therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics."*

77. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT III

### Classification of the CTC Concentrate Under HTSUS Subheading 3003.20.00 Pursuant to GRI 3(a)

**(in the alternative)**

78. The allegations of Paragraphs 1 through 77 are incorporated in this Paragraph by reference as if fully set forth herein.

79. If the CTC Concentrate is not determined to be classified under HTSUS Subheading 3003.20.00 pursuant to GRI 1, then the tariff classification of such articles is determined according to GRI 3.

80. GRI 3 provides, in three parts, the tariff classification rules for goods that are *prima facie* classifiable under two or more headings of the HTSUS.

81. GRI 3(a) provides, in pertinent part, that "[t]he heading which provides the most specific description shall be preferred to headings providing a more general description."

82. The proposition set out in GRI 3(a) is known as the "rule of relative specificity" because the heading with requirements more difficult to satisfy will prevail and be applied over a more general heading.

83. Classification of the CTC Concentrate may be considered under HTSUS heading 2309 (preparations of a kind used in animal feeding) or heading 3003 (medicaments consisting of two or more constituents which have been mixed together or prophylactic uses).

84. While HTSUS heading 2309 covers preparations used for animal feeding, it does not address the full purpose of the subject CTC Concentrate as this product must undergo post-importation processing to be used for animal feeding.

85. HTSUS heading 3003 covers the CTC Concentrate in its entirety because it is a medicament consisting of two or more constituents mixed together for prophylactic uses and describes the CTC Concentrate in its condition as imported.

86. Taking into consideration the language of the applicable HTSUS headings, the CTC Concentrate is properly classified under HTSUS heading 3003 as it provides the most specific description of these articles according to the rule of relative specificity, GRI 3(a).

87. Plaintiff asserts that, pursuant to GRI 3(a), the CTC Concentrate is properly classified in HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

88. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT IV

### Classification of the CTC Concentrate Under HTSUS Subheading 3003.20.00 Pursuant to GRI 3(b)

**(in the alternative)**

89. The allegations of Paragraphs 1 through 88 are incorporated in this Paragraph by reference as if fully set forth herein.

90. If the CTC Concentrate is not determined to be classified under HTSUS Subheading 3003.20.00 pursuant to GRI 1 or GRI 3(a), then the tariff classification of such articles is determined according to GRI 3(b).

91. GRI 3(b) provides, in pertinent part, that "[m]ixtures, composite goods consisting of different materials or made up of different components, and goods put up in sets for retail sale, which cannot be classified by reference to 3(a), shall be classified as if they consisted of the material or component which gives them their essential character . . ."

92. Essential character may be based on the nature of a material or component, its bulk, quantity, weight, or value, or by the role of a constituent material in relation to the use of the good. ENs VIII to GRI 3(b).

93. The CTC Concentrate is a medicament for prophylactic uses that is used in the manufacture of Type-A Medicated Articles, which in turn, are used in the manufacture of Type-C Medicated Feeds.

94. Classification of the CTC Concentrate may be considered under HTSUS heading 2309 (preparations of a kind used in animal feeding) or heading 3003 (medicaments consisting of two or more constituents which have been mixed together or prophylactic uses).

95. The primary function of the CTC Concentrate is as a medicament to prevent or control certain illnesses or diseases in livestock

96. The most critical component of the CTC Concentrate is its CTC (CAS No. 57-62-5), which, on its own is a medicament.

97. The CTC Concentrate would not be useful as a preparation for use in the manufacture of Type-A Medicated Articles or, subsequently Type-C Medicated Feeds if it did not contain the medicament, Chlortetracycline.

98. The Chlortetracycline is essential to the function of the CTC Concentrate as a medicament, while its potential use in the manufacture of animal feed products is optional.

99. The majority of the weight and value of the CTC Concentrate is provided by the Chlortetracycline and the other ingredients in the CTC Concentrate have minimal or no nutritional value.

100. Based on the nature of the Chlortetracycline and its value in relation to the function of the CTC Concentrate, Chlortetracycline, as a medicament, provides the essential character to the CTC Concentrate.

101. Plaintiff asserts that, pursuant to GRI 3(b), the CTC Concentrate is properly classified in HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

102. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

## COUNT V

### Classification of the CTC Concentrate Under HTSUS Subheading 3003.20.00 Pursuant to GRI 3(c)

**(in the alternative)**

103. The allegations of Paragraphs 1 through 102 are incorporated in this Paragraph by reference as if fully set forth herein.

104. If the CTC Concentrate is not determined to be classified under HTSUS Subheading 3003.20.00 pursuant to according to GRI 1, GRI 3(a), or GRI 3(b) of the HTSUS, then the tariff classification of such articles is determined according to GRI 3(c).

105. GRI 3(c) provides, in pertinent part, that "[w]hen goods cannot be classified by reference to 3(a) or 3(b), they shall be classified under the heading which occurs last in numerical order among those which equally merit consideration."

106. CBP liquidated the entry of the subject CTC Concentrate under HTSUS subheading 2309.90.10.

107. Plaintiff asserts that the CTC Concentrate is properly classified in HTSUS subheading 3003.20.00.

108. Assuming HTSUS headings 2309 and 3003 merit equal consideration, HTSUS heading 3003 is last in numerical order as compared to HTSUS heading 2309.

109. Thus, pursuant to GRI 3(c), Plaintiff asserts that the CTC Concentrate is properly classified under HTSUS subheading 3003.20.00 as "*Medicaments (excluding goods of heading 3003, 3005 or 3006) consisting of two or more constituents which have been mixed together for therapeutic or prophylactic uses, not put up in measured doses or in forms or packings for retail sale: ... Other, containing antibiotics.*"

110. HTSUS subheading 3003.20.00 has carried a duty rate of free at all times relevant to this action.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor as follows:

a) determining that CBP improperly classified the subject CTC Concentrate at issue in this action;

b) determining that the subject CTC Concentrate at issue in this action is properly classified under HTSUS subheading 2941.30.00, as set forth by Plaintiff in Count I, or, alternatively, HTSUS subheading 3003.20.00, as set forth by Plaintiff in Counts II through IV;

17

    c)       ordering CBP to reliquidate the subject entry and refund the excess duties paid by Plaintiff, together with interest as provided by law; and

    d)       granting such other additional relief as this Court deems just and appropriate.

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
Attorneys for Plaintiff
Zoetis, Inc.
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1157

By:   */s/ William Randolph Rucker*
        Wm. Randolph Rucker

Dated: March 12, 2024