UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: JOSEPH A. LAROSKI, JR., JUDGE

|  |  |
|---|---|
| ZOETIS SERVICES LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 22-00056 |
| UNITED STATES, | : |
| Defendant. | : |

## ANSWER TO THE AMENDED COMPLAINT

Pursuant to Rule 7(a) of the United States Court of International Trade, the United States, defendant, responds to the allegations of the amended complaint of Zoetis Services LLC, plaintiff, as follows:

## JURISDICTION

1. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent these allegations may be deemed allegations of fact, admits.

2. Admits that plaintiff is the importer of record for the entries[1] that are the subject of this action. The remaining allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

3. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

---

[1] The summons in this action covers two entries. Summons at 1, ECF No. 1.

4. Admits that the entries that are the subject of this litigation have liquidated and that a protest was filed and subsequently denied by U.S. Customs and Border Protection ("CBP") on December 9, 2021. The remaining allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits.

5. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of fact, admits.

6. Admits.

### BACKGROUND AND DESCRIPTION OF MERCHANDISE INVOLVED

7. Admits.

8. Admits.

9. Denies that the nutrients in the subject merchandise, as imported, are "residual." Admits the remainder.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

14. Denies that "certain complexing agents (*i.e.*, calcium carbonate in the form of hydrated lime) compound with the Chlortetracycline at stable pH ranges to facilitate the post-importation processing" of the subject merchandise for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation. Denies that such processing "facilitate[s] the … veterinarian directed delivery" of the merchandise to livestock. Admits the remainder.

15. Denies.

16. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To extent the allegation may be deemed an allegation of fact, denies that the subject merchandise is a "recognized antibiotic"; admits the remainder to the extent supported by *Guidance for Industry* (GFI) #213, which is the best evidence of its contents; otherwise, denies.

17. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To extent the allegation may be deemed an allegation of fact, admits to the extent supported by *Guidance for Industry* (GFI) #213, which is the best evidence of its contents; otherwise, denies.

18. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To extent the allegation may be deemed an allegation of fact, admits to the extent supported by *Guidance for Industry* (GFI) #213, which is the best evidence of its contents; otherwise, denies.

19. Admits.

20. Admits.

21. Admits.

22. Admits.

23. Admits.

24. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To extent the allegation may be deemed an allegation of fact, admits.

25. Admits.

26.     Admits that the subject merchandise was imported under subheading 2309.90.1050 of the Harmonized Tariff Schedule of the United States (HTSUS). Denies that the last two digits of subheading 2309.90.10**50** (set forth in bold herein) and the corresponding language of "other" are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS. Admits the quoted material to the extent supported by subheading 2309.90.1050, HTSUS, which is the best evidence of its contents; otherwise, denies.

27.     Admits that CBP liquidated the subject merchandise under subheading 2309.90.10, HTSUS, duty-free, but with the assessment of Section 301 duties of 25 percent *ad valorem* under subheading 9903.88.03, HTSUS. Denies that the last two digits of subheading 2309.90.10**50** (set forth in bold herein) are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS.

28.     Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies. Denies that the last two digits of subheading 2309.90.10**50** (set forth in bold herein) are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS.

29.     Admits that plaintiff filed a protest asserting that the proper tariff classification of the subject merchandise is under subheading 3003.20.0000, HTSUS. Denies that the last two digits of subheading 3003.20.00**00** (set forth in bold herein) are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS. Admits the quoted material to the extent supported by subheading 3003.20.0000, HTSUS, which is the best evidence of its contents; otherwise, denies.

30. Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies. Denies that the last two digits of subheading 3003.20.00**00** (set forth in bold herein) are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS.

31. Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies. Denies that the last two digits of subheading 3003.20.00**00** (set forth in bold herein) are relevant, because they constitute a statistical suffix and are not part of 19 U.S.C. § 1202, the statute which sets forth the HTSUS.

## COUNT I

32. The responses to the allegations in paragraphs 1 through 31 are incorporated by reference as though fully set forth herein.

33. Admits to the extent supported by General Rule of Interpretation (GRI) 1, which is the best evidence of its contents; otherwise, denies.

34. Admits to the extent supported by heading 2941, HTSUS, which is the best evidence of its contents; otherwise, denies.

35. Admits to the extent supported by Explanatory Note 29.41, which is the best evidence of its contents; otherwise, denies.

36. Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

37. Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

38.     Denies that the subject merchandise "is a broad-spectrum antibiotic substance." Admits the remainder to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

39.     Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

40.     Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

41.     Admits to the extent supported by HQ H325604 (Aug. 31, 2023) and https://pharmgate.com/global/pharmgate-announces-agreement-to-acquire-protatek-international-inc/, which are the best evidence of their contents; otherwise, denies.

42.     Neither admits nor denies, as the identity of the manufacturer of the product at issue in HQ H325064 (Aug. 31, 2023) is business proprietary information of Pharmgate, which is not a party in this litigation.

43.     Admits that "Jinhe was … the manufacturer of the subject CTC Concentrate that was imported by Plaintiff in this action"; otherwise, neither admits nor denies, as the identity of the manufacturer of the product at issue in HQ H325064 (Aug. 31, 2023) is business proprietary information of Pharmgate, which is not a party in this litigation.

44.     Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

45.     Admits.

46.     Denies.

47.     Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

48. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies that the subject merchandise is a medicinal preparation of a kind to be used by veterinarians that is excluded from heading 2309, HTSUS; admits the remainder to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; and otherwise denies.

49. Admits to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

50. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies that the subject merchandise is not a "supplementary additive" contemplated by heading 2309, HTSUS; admits the remainder to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; and otherwise denies.

51. Denies that "the subject merchandise is not used to make supplementary feeds or complete feeds." Admits the remainder to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; and otherwise denies.

52. Denies that the subject merchandise is manufactured to treat animal diseases and infections. Admits the remainder to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

53. Denies that the subject merchandise "is used to treat and control a wide range of respiratory and enteric diseases in livestock, including anaplasmosis, bacterial enteritis, bacterial pneumonia." Admits the remainder to the extent supported by HQ H325604 (Aug. 31, 2023), which is the best evidence of its contents; otherwise, denies.

54. Admits.

55.     Denies.

56.     Admits that HQ H325604 (Aug. 31, 2023) represents CBP's official position on the classification of the specific CTC-FG product described therein as the ruling has not been revoked; otherwise, denies.

57.     Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity. Admits the quoted material to the extent supported by subheading 2941.30.00, HTSUS, which is the best evidence of its contents; otherwise, denies.

58.     Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies.

## COUNT II

59.     The responses to the allegations in paragraphs 1 through 58 are incorporated by reference as though fully set forth herein.

60.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

61.     Admits to the extent supported by heading 3003, HTSUS, which is the best evidence of its contents; otherwise, denies.

62.     Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies.

63.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, admits.

64.     Admits to the extent supported by HQ H121544 (Oct. 6, 2014), which is the best evidence of its contents; otherwise, denies.

65. Admits to the extent supported by the opinion of the Court of International Trade in *Warner-Lambert Co. v. United States*, 28 C.I.T. 939 (2004), *aff'd*, 425 F.3d 1381 (Fed. Cir. 2005), which is the best evidence of its contents; otherwise, denies.

66. Admits to the extent supported by the opinion of the Court of International Trade in *Warner-Lambert Co. v. United States*, 28 C.I.T. 939 (2004), *aff'd*, 425 F.3d 1381 (Fed. Cir. 2005), which is the best evidence of its contents; otherwise, denies.

67. Admits to the extent supported by the opinion of the Court of International Trade in *Warner-Lambert Co. v. United States*, 28 C.I.T. 939 (2004), *aff'd*, 425 F.3d 1381 (Fed. Cir. 2005), which is the best evidence of its contents; otherwise, denies.

68. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of fact, admits.

69. Admits to the extent supported by Explanatory Note 30.03 and *Nutricia North America, Inc. v. United States*, 666 F. Supp. 3d 1363 (Ct. Int'l Trade 2023), which are the best evidence of their contents; otherwise, denies.

70. Denies.

71. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of fact, denies.

72. Denies that the nutrients in the subject merchandise, as imported, are "residual." Admits that in its imported condition, the subject merchandise consists of Chlortetracycline (the only active ingredient), mycelial cake, nutrients, microbial cells, other fermentation components, and metabolic products. The remaining allegation in this paragraph consists of legal argument

9

and/or conclusions of law to which no response is required.  To the extent the allegation may be deemed an allegation of fact, denies.

73.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent the allegation may be deemed an allegation of fact, denies.

74.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent the allegation may be deemed an allegation of fact, denies.

75.     The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent the allegations may be deemed allegations of fact, admits.

76.     Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.  Admits the quoted material to the extent supported by subheading 3003.20.00, HTSUS, which is the best evidence of its contents; otherwise, denies.

77.     Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies.

## COUNT III

78.     The responses to the allegations in paragraphs 1 through 77 are incorporated by reference as though fully set forth herein.

79.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

80.     Admits to the extent supported by GRI 3, which is the best evidence of its contents; otherwise, denies.

81. Admits to the extent supported by GRI 3(a), which is the best evidence of its contents; otherwise, denies.

82. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by GRI 3(a), which is the best evidence of its contents; otherwise, denies.

83. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits that the subject merchandise is classifiable under heading 2309, HTSUS; otherwise, denies.

84. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, admits that "HTSUS heading 2309 covers preparations used for animal feedings" to the extent supported by heading 2309, HTSUS, which is the best evidence of its contents; otherwise, denies.

85. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

86. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

87. Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity. Admits the quoted material to the extent supported by subheading 3003.20.00, HTSUS, which is the best evidence of its contents; otherwise, denies.

88. Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies.

## COUNT IV

89. The responses to the allegations in paragraphs 1 through 88 are incorporated by reference as though fully set forth herein.

90. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

91. Admits to the extent supported by GRI 3(b), which is the best evidence of its contents; otherwise, denies.

92. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by the Explanatory Notes to GRI 3(b), which are the best evidence of their contents; otherwise, denies.

93. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of fact, denies that the subject merchandise "is a medicament for prophylactic uses"; and admits the remainder.

94. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits that the subject merchandise is classifiable under heading 2309, HTSUS; otherwise, denies.

95. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent the allegation may be deemed an allegation of fact, denies.

96. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent the allegations may be deemed allegations of

fact, denies that Chlortetracycline "on its own is a medicament," as it is unclear what is meant by the phrase; and admits the remainder.

97.     The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent the allegations may be deemed allegations of fact, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

98.     The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent the allegations may be deemed allegations of fact, denies that that the subject merchandise or the Chlortetracycline within the subject merchandise is a medicament of heading 3003, HTSUS; and admits the remainder.

99.     Denies that "the other ingredients in the" subject merchandise "have minimal or no nutritional value."  Admits that the majority of the value of the subject merchandise is provided by the Chlortetracycline; and denies the remainder for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

100.    The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent the allegations may be deemed allegations of fact, denies that the subject merchandise or the Chlortetracycline within the subject merchandise is a medicament of heading 3003, HTSUS; and admits the remainder.

101.    Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.  Admits the quoted material to the extent supported by subheading 3003.20.00, HTSUS, which is the best evidence of its contents; otherwise, denies.

102.    Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies.

## COUNT V

103. The responses to the allegations in paragraphs 1 through 102 are incorporated by reference as though fully set forth herein.

104. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

105. Admits to the extent supported by GRI 3(c), which is the best evidence of its contents; otherwise, denies.

106. Admits.

107. Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.

108. The allegations in this paragraph consist of legal argument and/or conclusion of law to which no response is required. To the extent a response is required, denies that heading 3003, HTSUS, "merit[s] equal consideration" with heading 2309, HTSUS; and admits the remainder.

109. Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity. Admits the quoted material to the extent supported by subheading 3003.20.00, HTSUS, which is the best evidence of its contents; otherwise, denies.

110. Admits to the extent supported by the HTSUS, which is the best evidence of its contents; otherwise, denies.

## REQUEST FOR RELIEF

Denies that plaintiff is entitled to the relief requested in this paragraph.

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official and the assessment thereunder, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
Tel. (212) 264-9236 or 9230
*Attorneys for Defendant*

Dated: April 10, 2024